UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW C., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 24-0450 BAT <br><br> **ORDER REVERSING THE COMMISSIONER'S DECISION** |

Plaintiff appeals the ALJ's denial of his application for Disability Insurance Benefits. He contends the ALJ erred in assessing medical opinion evidence and erred in his findings regarding Plaintiff's past relevant work as a hand packager. Dkt. 11. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently fifty-six years-old, has a high school education, and has worked as a cook at a barbecue restaurant, and at Nintendo in several positions, including pulling inventory and stock, on "order patrol," and in shipping, which required him to drive a delivery truck. Tr. 53-55, 30-31.

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

1 On November 2, 2020, Plaintiff applied for benefits, alleging disability as of March 31, 2020. Tr. 17, 209-17. His application was denied initially and on reconsideration. Tr. 65-89. The ALJ conducted a hearing on April 20, 2023, and the ALJ subsequently found Plaintiff not disabled on May 16, 2023. Tr. 39-64, 17-33. The Appeals Council denied Plaintiff's request for review, and the ALJ's decision is the Commissioner's final decision. Tr. 1-6. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 2.

## DISCUSSION

### A. Medical Opinion Evidence

Plaintiff challenges the ALJ's evaluation of two medical opinions, arguing the ALJ erred in failing to incorporate into the assessed RFC the opined limitations from those opinions regarding Plaintiff's likely absenteeism and need to be off task.[1] Dkt. 11 at 9.

### 1. Treating Physician, Dr. Jolie Keenan

Plaintiff's treating physician, Dr. Keenan, completed a form medical source statement in March 2022, and rendered opinions about Plaintiff's functional limitations. Tr. 963-65. Dr. Keenan did not answer the question regarding the "primary conditions and symptoms" for which she treated Plaintiff. Tr. 963. However, the record shows Dr. Keenan, who had been treating Plaintiff since 2020, examined Plaintiff the same day she completed her opinion and continued to diagnose chronic pain syndrome. Tr. 947-50, 965.

As to Plaintiff's functional limitations, Dr. Keenan opined Plaintiff would miss work at least five days per month due to his medical condition, and he would require 10-30 minutes of

---

[1] Plaintiff's counsel, who is admitted pro hac vice, is advised that in future cases before the Court, he is required to carefully review the requirements set forth in this Court's scheduling order, which is issued in all social security appeals. *See* Dkt. 10. In particular, Plaintiff's counsel should take note of the requirements for setting forth his assignments of error.

ORDER REVERSING THE COMMISSIONER'S DECISION - 2

unscheduled breaks throughout the day.  Tr. 963.  She further opined Plaintiff needs to shift between sitting, standing, and walking at will, he could never kneel or crouch, he could only occasionally lift any weight at all, and that he could never lift items over twenty pounds.  Tr. 964.  Dr. Keenan also opined Plaintiff was limited to occasional handling and/or fingering and frequent reaching.  Tr. 964.

The ALJ found Dr. Keenan's opinions were only "partly persuasive. . . . to the extent that it indicate[d] some capacity for light work."  Tr. 28.  Beyond that, the ALJ found the opinions were unpersuasive, lacking both supportability and consistency.  Tr. 28.  Regarding supportability, the ALJ found Dr. Keenan "supplied no explanation or objective support for the limitations on the opinion form," and that her "contemporaneous examination notes do not provide much support."  Tr. 28.  The ALJ acknowledged Plaintiff reported "chronic thoracic spine pain," but noted there was "no history of imaging or workups."  Tr. 28.  The ALJ further characterized Dr. Keenan's examination as "cursory," with "[n]o findings [that] support[ed] [the] limitation of standing, walking, sitting, bending, reaching, or manipulation."  Tr. 28.

As for consistency, the ALJ found Plaintiff's medical records did not show any impairment affecting Plaintiff's upper extremities that would support Dr. Keenan's reaching and handling limitations, and the records regarding Plaintiff's lumbar and hip issues did not support the preclusion of kneeling or crouching.  Tr. 28.  The ALJ further found Dr. Keenan's opinion regarding Plaintiff's need for unscheduled breaks and absences five or more days per month was inconsistent with evidence regarding his "stable pain management" and with Plaintiff's own testimony regarding his ability to stand, walk, and sit.  Tr. 28-29.  Finally, the ALJ cited to Plaintiff's ability to work at "a medium-exertion job" as a barbeque chef two days per week as

ORDER REVERSING THE COMMISSIONER'S DECISION - 3

evidence that undermined Dr. Keenan's opinion regarding Plaintiff's ability to "maintain attendance and remain at his workstation." Tr. 29.

The regulations applicable to this case, required the ALJ to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. *See* 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff challenges the ALJ's consistency findings, arguing the ALJ improperly characterized and discounted his chronic pain syndrome in rejecting Dr. Keenan's opined limitations. Dkt. 11 at 11. In support, Plaintiff contends the ALJ erred in characterizing his medical records and testimony, which demonstrated "chronic pain, leg swelling, and difficulty standing, walking, and sitting." Dkt. 11 at 11.

Additionally, Plaintiff contends that in rejecting the medical opinion, the ALJ mischaracterized his testimony regarding his ability to work. Dkt. 11 at 10. Specifically, Plaintiff asserts the ALJ misconstrued his part-time job as a barbecue chef as "medium work" when it was, in fact, a "light" work job. Dkt. 11 at 10. Plaintiff further argues the ALJ failed to account for the "built-in 'extra breaks'" that Plaintiff was afforded by working only part-time two days per week for five to six hours per day. Dkt. 11 at 10. He contends his ability to work part-time is not comparable to his ability to sustain full-time competitive work. Dkt. 11 at 12.

Even if the Court were to agree with Plaintiff on the above arguments and found the ALJ erred as to his consistency findings, controlling Ninth Circuit precedent requires the Court to nevertheless find this error was harmless. That is because Plaintiff here overlooks the ALJ's supportability findings entirely in both his opening and reply briefs. *Cf.* Dkt. 13 at 7, 9. Those

unchallenged supportability findings regarding Dr. Keenan's opinion constitute a sufficient independent basis for the ALJ to conclude that Dr. Keenan's medical opinion was unpersuasive – even if the ALJ's findings regarding the consistency factor were erroneous.  *See Woods*, 32 F.4th at 792-94 & n.4 (consistency and supportability constitute two distinct factors that should be treated separately); *accord Vincent W. M. v. Comm'r of Soc. Sec.,* No. C23-5549-BAT, 2024 WL 808114, at *4 (W.D. Wash. Feb. 27, 2024); *Gary J.D. v. Comm'r of Soc. Sec.*, No. C22-1821-BAT, 2023 WL 5346621, at *8 (W.D. Wash. Aug. 21, 2023).

Because the ALJ's rejection of Dr. Keenan's opinion was sufficiently supported by the ALJ's unchallenged supportability findings, this claim fails.

### 2. Examining ARNP, Olivia Aniche

In March 2022, examining ARNP, Olivia Aniche, diagnosed Plaintiff with hip pain, bilateral leg swelling, arthritis, high blood pressure, pulmonary embolism, and generalized body aches.  Tr. 901.  She opined that, based on a review of eight pages of medical records and her examination, Plaintiff was able to stand and/or walk for at least two hours per day and to sit for at least four hours per day.  Tr. 901.  ARNP Aniche further opined Plaintiff could lift ten pounds frequently, and twenty pounds occasionally.  Tr. 901.

Additionally, ARNP Aniche opined Plaintiff could only occasionally climb, balance, and/or kneel, and that he could never stoop, crouch, or crawl.  Tr. 902.  She opined Plaintiff had no manipulative or reaching limitations.  Tr. 902.

The ALJ found ARNP Aniche's opinion unpersuasive, and, in support, found it was vague, and lacked supportability and consistency.  First, the ALJ found the opinion vague because it failed to specify Plaintiff's maximum capacity, prefacing the time limits for sitting, standing, and walking with "at least."  Tr. 29.  The ALJ also found the opinion was not supported

ORDER REVERSING THE COMMISSIONER'S DECISION - 5

because ARNP Aniche reviewed only eight pages of records from a coagulation clinic, which did not contain physical examination findings.  Tr. 29.  The ALJ further noted the May 2021 imaging ARNP Aniche reviewed did not include ordering physician, Dr. Phan's "relatively normal" examination findings made contemporaneously with the examination.  Tr. 29.  Finally, the ALJ found the opinion unsupported by ARNP Aniche's own examination, which, according to the ALJ, showed "a full lumbar range of motion, normal strength, and grossly normal mobility of the extremities."  Tr. 29.

As for consistency, the ALJ found ARNP Aniche's opinion inconsistent with medical records that showed Plaintiff's "general[] stability and lack of need for an assistive device, lack of acute distress, lack of edema, normal strength, and only intermittent findings of lumbar or hip restriction."  Tr. 29.  The ALJ also found the records showed "generally stable pain management," and that Plaintiff "endors[ed] preservation of daily functioning."  Tr. 29.

In addition to the medical records, the ALJ again cited to Plaintiff's testimony regarding the efficacy of his pain medication, and to Plaintiff's continuing ability to "work six to seven-hour shifts on his feet twice per week."  Tr. 29.

Plaintiff repeats the same arguments he raised regarding the ALJ's evaluation of Dr. Keenan's opinion.  Dkt. 11 at 9-12; *see also* Dkt. 14.  Those arguments are again limited to the ALJ's consistency findings, and Plaintiff fails to challenge the ALJ's supportability findings.  Like Dr. Keenan's opinion, the ALJ's unchallenged supportability findings regarding ARNP Aniche's opinion themselves constitute a sufficient independent basis for the ALJ to conclude that the medical opinion was unpersuasive – even if the ALJ's findings regarding the consistency factors were erroneous.  *See Woods*, 32 F.4th at 792-94 & n.4.

ORDER REVERSING THE COMMISSIONER'S DECISION - 6

1    For these reasons, Plaintiff fails to show that the ALJ harmfully erred in evaluating the challenged medical opinion evidence.

### B. Past Relevant Work Finding

Plaintiff additionally challenges the ALJ's failure to develop the record and make findings regarding whether his prior hand packaging job at Nintendo was performed for a sufficient length of time and at a "substantially gainful activity level." Dkt. 11 at 13-14. The Commissioner counters that Plaintiff failed to comply with the Court's scheduling order, and thus waived the issue. Dkt. 13 at 2 n.1. Nevertheless, the Commissioner addressed the issue on the merits, arguing "any alleged error by the ALJ at step four [was] harmless because the ALJ continued the sequential evaluation and found Plaintiff not disabled at step five." Dkt. 13 at 2 n.1.

The Court will address Plaintiff's argument despite his technical failure to list the issue at page one of his opening brief. In doing so, the Court notes Plaintiff's opening brief provided the Commissioner with sufficient notice of the argument, and that, as noted above, the Commissioner responded on the merits. Dkt. 11 at 13-14.

The ALJ's finding that Plaintiff's hand packaging job constituted past relevant work was not supported by substantial evidence. In concluding that Plaintiff performed past relevant work as a hand packager, the ALJ parsed out one of several separate jobs that Plaintiff testified he performed while working at Nintendo from 2007-2009 but failed to conduct the requisite factual development as to whether the hand packaging job itself constituted substantial gainful activity ("SGA") and/or how the job was in fact performed. *See* 20 C.F.R. § 404.1565(a); Social Security Ruling ("SSR) 82-62, *Titles II and XVI: A Disability Claimant's Capacity to do Past Relevant Work, In General,* 1982 WL 31386 (requiring ALJ to make findings as to the physical

and mental demands and the stress of the past work); *see also* Tr. 30-31, 53-55.  This same error infected the ALJ's step five analysis when the ALJ concluded that even at an advanced age, beginning November 12, 2022, Plaintiff was "capable of past relevant work as a hand packager, *as that work was actually performed.*"  Tr. 33 (emphasis added).  Accordingly, the error was not harmless.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

The Court affirmed the ALJ's treatment of the challenged medical evidence. On remand, the ALJ shall further develop the record regarding Plaintiff's past position as a hand packager at Nintendo and make findings in accordance with 20 C.F.R. § 404.1565(a) and SSR 82-62, including but not limited to findings regarding how Plaintiff's past position was performed and whether the position constituted SGA. The ALJ shall subsequently reconsider his step four and step five findings as to whether Plaintiff was capable of performing his past work both prior to and following his attainment of advanced age on November 12, 2022.

DATED this 16th day of August, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

e